# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

No. 17-10519
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REGINALD JACKSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-139-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Reginald Jackson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). According to the presentence investigation report (PSR), Jackson had prior convictions for burglary, possession of cocaine, and evading arrest, all in violation of Texas law. The PSR determined three prior Texas burglary convictions qualified as "violent

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10519

felon[ies]" under 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act (ACCA), resulting in a 15-year statutory-minimum sentence.

Jackson objected on the ground he was not subject to the ACCA-sentencing enhancement because Texas burglary under Texas Penal Code § 30.02 did not require a preexisting intent to commit a crime. The district court overruled the objection, adopted the PSR, and imposed the ACCA enhancement, which heightened Jackson's advisory Sentencing Guidelines range to 180 to 188-months' imprisonment. He was sentenced to, *inter alia*, 180-months' imprisonment.

Jackson asserts the court erred in determining his prior Texas burglary convictions implicated the ACCA-sentencing enhancement. Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In *United States v. Herrold*, our court held that, for the purposes of an ACCA-sentencing enhancement, the Texas burglary statute is not divisible and is broader than generic burglary because it, *inter alia*, allows for conviction based on an entry without a preexisting intent to commit a further crime. 883 F.3d 517, 523, 531, 539 (5th Cir. 2018) (en banc), *pets. for cert. filed* (18 April 2018) (No. 17-1445) and (21 May 2018) (No. 17-9127). The Government

concedes *Herrold* "mandates reversal" and forecloses any assertion that the court properly sentenced Jackson with the ACCA enhancement, but contends our court wrongly decided *Herrold* in order to preserve its challenge for further appellate review.  Accordingly, Jackson's Texas burglary convictions do not qualify as predicate offenses for the ACCA-sentencing enhancement imposed by the district court.  *See id.* at 537.

Therefore, Jackson's sentence is VACATED and this case is REMANDED to district court for resentencing in the light of *Herrold*.

VACATED AND REMANDED.